1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Isabel Masanque, Esq., SBN 292673
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orland Sylve**, <br><br> Plaintiff, <br><br> v. <br><br> **Laurie Industries LLC**, a Delaware Limited Liability Company; **Carson Uniform & Fashion, LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orland Sylve complains of Defendants Laurie Industries LLC, a Delaware Limited Liability Company; Carson Uniform & Fashion, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a quadriplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant Laurie Industries LLC owned the real property located at or about

1

Complaint

1 1101 W. Carson Street, Torrance, California, in August 2017.

2     3. Defendant Laurie Industries LLC owns the real property located at or about

3 1101 W. Carson Street, Torrance, California, currently.

4     4. Defendant Carson Uniform & Fashion, LLC owned the Basic Plus Clothing

5 & Uniform located at or about 1101 W. Carson Street, Torrance, California, in

6 August 2017.

7     5. Defendant Carson Uniform & Fashion, LLC owns the Basic Plus Clothing

8 & Uniform store ("Store") located at or about 1101 W. Carson Street, Torrance,

9 California, currently.

10     6. Plaintiff does not know the true names of Defendants, their business

11 capacities, their ownership connection to the property and business, or their relative

12 responsibilities in causing the access violations herein complained of, and alleges a

13 joint venture and common enterprise by all such Defendants. Plaintiff is informed

14 and believes that each of the Defendants herein, including Does 1 through 10,

15 inclusive, is responsible in some capacity for the events herein alleged, or is a

16 necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

17 when the true names, capacities, connections, and responsibilities of the Defendants

18 and Does 1 through 10, inclusive, are ascertained.

19

20    **JURISDICTION & VENUE:**

21     7. This Court has subject matter jurisdiction over this action pursuant to 28

22 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

23 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

24     8. Pursuant to supplemental jurisdiction, an attendant and related cause of

25 action, arising from the same nucleus of operative facts and arising out of the same

26 transactions, is also brought under California's Unruh Civil Rights Act, which act

27 expressly incorporates the Americans with Disabilities Act.

28     9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded

Complaint

1   on the fact that the real property which is the subject of this action is located in this

2   district and that Plaintiff's cause of action arose in this district.

3

4   **FACTUAL ALLEGATIONS:**

5   10.  Plaintiff went to the Store in August 2017 to shop.

6   11.  The Store is a facility open to the public, a place of public accommodation,

7   and a business establishment.

8   12.  Paths of travel are one of the facilities, privileges, and advantages offered by

9   Defendants to patrons of the Store.

10   13.  However, several of the paths of travel in and throughout the Store were not

11   accessible to wheelchair users because of the proximity of the merchandise racks,

12   restricting passage to less than 36 inches in width. Some paths of travel are narrowed

13   to as little as 12 inches wide.

14   14.  Currently, some paths of travel in and throughout the Store are not accessible

15   to wheelchair users because of the proximity of the merchandise racks restricting

16   passage to less than 36 inches in width.

17   15.  Transaction counters are another one of the facilities, privileges, and

18   advantages offered by Defendants to patrons of the Store.

19   16.  However, the transaction counter at the Store was 46 inches high.

20   17.  There was no lowered, 36-inch or lower portion of the transaction counter at

21   the Store for use by persons with disabilities.

22   18.  Currently, the transaction counter at the Store is more than 36 inches high.

23   19.  Currently, there is no lowered, 36-inch or lower portion of the transaction

24   counter at the Store for use by persons with disabilities.

25   20.  Parking spaces are another one of the facilities, privileges, and advantages

26   offered by Defendants to patrons of the Store.

27   21.  Unfortunately, although parking spaces were one of the facilities specifically

28   reserved for patrons, there were no compliant accessible parking spaces available

3

Complaint

1   for persons with disabilities that complied with the Americans with Disability Act

2   Accessibility during Plaintiff's visit.

3    22. The parking stall and access aisle were not level with each other and had

4   slopes greater than 2.1%.

5    23. Currently, the parking stall and access aisle have slopes greater than 2.1%.

6    24. Defendants did not have a policy or procedure in place to ensure that the

7   parking space reserved for persons with disabilities remained useable during

8   Plaintiff's visit.

9    25. Defendants do not have a policy or procedure in place to ensure that the

10  parking space reserved for persons with disabilities remain useable, currently.

11   26. Plaintiff personally encountered these barriers.

12   27. These inaccessible conditions denied the plaintiff full and equal access and

13  caused him difficulty and frustration.

14   28. Plaintiff would like to return and patronize the Store but will be deterred from

15  visiting until the defendants cure the violations.

16   29. The defendants have failed to maintain in working and useable conditions

17  those features required to provide ready access to persons with disabilities.

18   30. The violations identified above are easily removed without much difficulty

19  or expense. They are the types of barriers identified by the Department of Justice as

20  presumably readily achievable to remove and, in fact, these barriers are readily

21  achievable to remove. Moreover, there are numerous alternative accommodations

22  that could be made to provide a greater level of access if complete removal were not

23  achievable.

24   31. For example, there are numerous paint/stripe companies that will stripe a

25  level parking stall and access aisle on short notice and for a modest price, sometimes

26  as low as $300, in full compliance with federal and state access standards.

27   32. Another common barrier removal project is modifying transaction counters

28  to make a portion of the counter accessible. This is a simple construction task, well

Complaint

within the capabilities of any general contractor. The task can be completed easily and for a modest price.

33. Plaintiff is and has been deterred from returning and patronizing the Store because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

34. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

35. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place

Complaint

of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

38. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

39. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

40. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length

Complaint

with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

41. Here, no such accessible transaction counter or a lowered, 36-inch counter has been provided, in violation of the ADA.

42. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up ramps are not permitted to project into access aisles and parking spaces. *Id*. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

43. Here, the failure to provide compliant accessible parking spaces is a violation of the ADA.

44. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

45. Here, the failure to ensure that the accessible parking was available and ready to be used by the plaintiff is a violation of the law.

46. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

7

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

47. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

48. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

49. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 4, 2018        CENTER FOR DISABILITY ACCESS

By: ___*Isabel A. M*_____

Isabel Masanque, Esq.
Attorney for Plaintiff

8

Complaint